68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis Dean KERR, Defendant-Appellant.
 No. 94-5916.
 United States Court of Appeals, Fourth Circuit.
 Oct. 6, 1995.
Submitted Sept. 21, 1995.
Decided Oct. 6, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-93-154-N)
 H. Kowalchick, Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Laura P. Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Curtis Dean Kerr pled guilty to unlawful reentry by a deported alien, 8 U.S.C.A. Sec. 1326 (West Supp.1995), and was sentenced to 86 months incarceration. He appeals his sentence, contending that the district court erred in assigning three criminal history points for a prior New York sentence of one to three years for criminal possession of a controlled substance (crack cocaine), and in assigning one point for a prior New York criminal trespass sentence. United States Sentencing Commission, Guidelines Manual, Secs. 4A1.1, 4A1.2 (Nov.1994). He also contests the district court's finding that he had not accepted responsibility. USSG Sec. 3E1.1. We affirm.
 
 
 2
 Kerr argues that because he served only one year of the one to three-year sentence before being deported, only two criminal history points should have been given under guideline section 4A1.1(b) (sentences of 60 days to 1 year and 1 month). The district court correctly gave him three points, however. The prior "sentence of imprisonment" is the maximum sentence imposed, and when it is an indeterminate sentence the stated maximum is the upper limit of the sentence. USSG Sec. 4A1.2(b) & comment. (n.2). On appeal, Kerr also argues that no points should have been imposed for the prior drug conviction because it was part of the instant offense in that his offense level was enhanced because of it. USSG Sec. 2L1.2(b)(2). He overlooks the fact that the commentary to section 2L1.2 specifies that the enhancement applies in addition to any criminal history points added for the prior felony. USSG Sec. 2L1.2, comment. (n.5).
 
 
 3
 Kerr next maintains that he was incorrectly awarded one criminal history point for a 1992 diversionary sentence for criminal trespass; he received a conditional discharge after his conviction. We find no error. A diversionary sentence imposed after a judicial determination of guilt or an admission of guilt in open court is counted under guideline section 4A1.1(c). See USSG Sec. 4A1.2(f) & comment. (n.9) (defendant who has received benefit of rehabilitative sentence and continues to commit crimes not treated with further leniency).
 
 
 4
 Finally, Kerr claims that his guilty plea on the day scheduled for trial and his admission to an agent of the Immigration and Naturaliza tion Service that he had reentered the country from Mexico should have entitled him to an adjustment for acceptance of responsibility. Kerr consistently maintained to the agent and during the sentencing proceeding, that he was never warned not to reenter the United States. He stated that he reentered through a checkpoint where he was given authorization to enter on the basis of a green card which he subsequently lost. We find that the district court did not clearly err in denying Kerr any reduction given the lateness of his guilty plea and his insistence on minimizing his criminal conduct.
 
 
 5
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED